## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **In Re: 19-20368-PGC** | ) **Chapter 7 Proceeding** |
| | ) |
| **Paul G Lacombe** | ) |
| Debtor | ) |
| | ) |
| | ) |
| **Federal National Mortgage Association** | ) |
| Movant | ) |
| | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **Paul G Lacombe** | ) |
| **and Anthony J. Manhart, Trustee** | ) |
| Respondent | ) **September 6, 2019** |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

Federal National Mortgage Association ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 4 Alec Street, Lewiston, ME (the "Property"). In further support of this Motion, Movant respectfully states:

1.  A petition under Chapter *7* of the United States Bankruptcy Code was filed with respect to the Debtor(s) on July 23, 2019.

2.  The Debtor(s) has executed and delivered or is/are otherwise obligated with respect to that certain promissory note in the original principal amount of $179,587.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note and the Mortgage (defined below).

3.  Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit B.

4.  Bayview Loan Servicing, LLC is the servicer for Federal National Mortgage Association.

5.  Said Mortgage was assigned to the Movant by virtue of an assignment of mortgage. A copy of the assignment(s) is attached hereto as Exhibit C.

6.  The Debtor(s) statement of intention indicates the Property is to be surrendered.

7.  As of July 29, 2019, the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $191,175.98.

8.  As of July 29, 2019, the Debtor(s) has failed to make payments in an aggregate amount sufficient to satisfy in full the payment contractually due under the Note on December 1, 2017 or any full payment contractually due under the Note thereafter.

9. As of July 29, 2019 accrued interest due is approximately $14,224.93. The next scheduled payment due is in the amount of $1,375.75. The total pre-petition payment arrearage of $27,546.84 is broken down as follows: 6 payments in the amount of $1,375.75; 8 payments each in the amount of $1,374.99, and 6 payments each in the amount of $1,382.07. The total payment arrearage to date is $27,546.84, plus late charges of $522.72, inspection fees of $211.00, and foreclosure legal fees and costs in the approximate amount of $3,258.78. Accrued interest as of the date of the petition was approximately $14,113.16.

10. The estimated market value of the Property is $170,900.00. The basis for such valuation is Debtor's Schedule A.

11. Upon information and belief, the encumbrances on the Property listed in the Schedules including but not limited to the encumbrances granted to Movant, listed in order of priority are: (i) Movant $191,175.98; and (ii) TD Bank, N.A. $41,400.00.

12. The Schedules of the Debtor(s) do not list an exemption for the Property.

13. Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected.

14. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

15. The Movant also requests an order allowing Movant to assess the Debtor's account with reasonable attorney's fees and costs in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay. Said note and mortgage identified previously herein contain provisions allowing the Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage. In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

16. After consultation with the Trustee and Debtor's counsel, consent to this Motion could not be obtained.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant and any successors or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. Allowing Movant to assess the Debtor's account with reasonable attorney's fees and costs in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay

4. For such other relief as the Court deems proper.

        Federal National Mortgage Association

By */s/ Andrew S. Cannella*
Andrew S. Cannella
The Movant's Attorney
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 409-0626
Email: BKECF@bmpc-law.com